IN THE SUPREME COURT OF THE STATE OF MONTANA

No. AF 08-0203

_____

IN THE MATTER OF THE CODE OF        )        O R D E R
JUDICIAL CONDUCT                     )

_____

In 2008, this Court adopted a version of the American Bar Association Model Code of Judicial Conduct that had been adapted and refined to reflect the realities of the operation of the judicial system and judicial elections in Montana. The Court now wishes to add to the 2008 Montana Code of Judicial Conduct a rule requiring members of and candidates for the Court to comply with the same statutory financial disclosure requirements that apply to other state officials. With that purpose, we have drafted and solicited public comment on a proposed new Rule 3.15 of the Rules of Judicial Conduct. No public comments were filed within the time allowed.

In addition, the Court has concluded that additions to the comments to Rules 2.2, 2.5, and 2.6 of the Code of Judicial Conduct will aid Montana judges in determining what they may do to assist self-represented litigants.

IT IS ORDERED that the following new Rule 3.15 is hereby adopted for inclusion in Montana's Code of Judicial Conduct, as are the highlighted portions of subsection [5] of the comment to Rule 2.2, subsection [4] of the comments to Rule 2.5, and subsection [1] of the comments to Rule 2.6 of the Code of Judicial Conduct, as set forth below.

**Rule 3.15.  Financial disclosure**

Justices of the Montana Supreme Court and candidates for justice of the Montana Supreme Court shall comply with the financial disclosure requirements set forth in Section 2-2-106 of the Montana Code Annotated.

**COMMENT**

Claims of violation of this Rule shall be filed with and considered by the Judicial Standards Commission.

**RULE 2.2**

1

*Impartiality and Fairness*

**A judge shall uphold and apply the law,* and shall perform all duties of judicial office fairly and impartially.***

**COMMENT**

[1] To ensure impartiality and fairness to all parties, a judge must be objective and open-minded.

[2] Although each judge comes to the bench with a unique background and personal philosophy, a judge must interpret and apply the law without regard to whether the judge approves or disapproves of the law in question.

[3] When applying and interpreting the law, a judge sometimes may make good-faith errors of fact or law.  Errors of this kind do not violate this Rule.

[4] A judge should manage the courtroom in a manner that provides all litigants the opportunity to have their matters fairly adjudicated in accordance with the law.

[5] A judge may make reasonable accommodations to ensure self-represented litigants the opportunity to have their matters fairly heard.  Steps that are permissible in ensuring a self-represented litigant's right to be heard according to law include but are not limited to:  liberally construing pleadings; providing brief information about the proceeding and evidentiary and foundational requirements; modifying the traditional order of taking evidence; attempting to make legal concepts understandable; explaining the basis for a ruling; and making referrals to any resources available to assist the litigant in preparation of the case.  Self-represented litigants are still required to comply with the same substantive law and procedural requirements as represented litigants.

**RULE 2.5**
*Competence, Diligence, and Cooperation*

**(A) A judge shall perform judicial and administrative duties competently and diligently.**

**(B) A judge shall cooperate with other judges and court officials in the administration of court business.**

**COMMENT**

2

[1] Competence in the performance of judicial duties requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary to perform a judge's responsibilities of judicial office.

[2] A judge should seek the necessary docket time, court staff, expertise, and resources to discharge all adjudicative and administrative responsibilities.

[3] Prompt disposition of the court's business requires a judge to devote adequate time to judicial duties, to be punctual in attending court and expeditious in determining matters under submission, and to take reasonable measures to ensure that court officials, litigants, and their lawyers cooperate with the judge to that end.

[4] In disposing of matters promptly and efficiently, a judge must demonstrate due regard for the rights of parties to be heard and to have issues resolved without unnecessary cost or delay. A judge should monitor and supervise cases in ways that reduce or eliminate dilatory practices, avoidable delays, and unnecessary costs. In accomplishing these critical goals in the increasing number of cases involving self-represented litigants, a judge may take appropriate steps to facilitate a self-represented litigant's ability to be heard. See Rule 2.6, Comment 1.


**RULE 2.6**
*Ensuring the Right to Be Heard*

**(A) A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law.\***

**(B) A judge may encourage parties to a proceeding and their lawyers to settle matters in dispute but shall not act in a manner that coerces any party into settlement.**

**COMMENT**

[1] The right to be heard is an essential component of a fair and impartial system of justice. Substantive rights of litigants can be protected only if procedures protecting the right to be heard are observed. Steps judges may consider in facilitating the right to be heard include, but are not limited to: (1) providing brief information about the proceeding and evidentiary and foundational requirements; (2) asking neutral questions to elicit or clarify information; (3) modifying the traditional order of taking evidence; (4) refraining from using legal jargon; (5) explaining the basis for a ruling; and (6) making referrals to any resources available to assist the litigant in the preparation of the case.

3

[2] The judge plays an important role in overseeing the settlement of disputes, but should be careful that efforts to further settlement do not undermine any party's right to be heard according to law. The judge should keep in mind the effect that the judge's participation in settlement discussions may have, not only on the judge's own views of the case, but also on the perceptions of the lawyers and the parties if the case remains with the judge after settlement efforts are unsuccessful. Among the factors that a judge should consider when deciding upon an appropriate settlement practice for a case are: (1) whether the parties have requested or voluntarily consented to a certain level of participation by the judge in settlement discussions, (2) whether the parties and their counsel are relatively sophisticated in legal matters, (3) whether the case will be tried by the judge or a jury, (4) whether the parties participate with their counsel in settlement discussions, (5) whether any parties are unrepresented by counsel, and (6) whether the matter is civil or criminal.

[3] Judges must be mindful of the effect settlement discussions can have, not only on their objectivity and impartiality, but also on the appearance of their objectivity and impartiality. Despite a judge's best efforts, there may be instances when information obtained during settlement discussions could influence a judge's decision making during trial, and, in such instances, the judge should consider whether disqualification may be appropriate. See Rule 2.12(A)(1).

This Order shall be posted on this Court's website. In addition, the Clerk is directed to provide copies of this Order to the State Bar of Montana, Todd Everts and Kevin Hayes at the Legislative Services Division, Helene Haapala and Louise Ricci at Thompson Reuters, Robert Roy at LexisNexis, and the Commissioner of Political Practices for the State of Montana.

DATED this _____ day of March, 2014.

_____
Chief Justice


_____


_____


_____

4

_____

_____
Justices